## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KEITH D WEBB, SR.,

    Plaintiff,                                    CASE NO.:

-VS-

GLASS MOUNTAIN CAPITAL LLC,

    Defendant.

_____/

### COMPLAINT

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

### JURISDICTION AND VENUE

2.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3.     The alleged violations described in the Complaint occurred in Sarasota County, Florida.

### FACTUAL ALLEGATIONS

4.     Plaintiff is a natural person who is over the age of eighteen (18) who resides in Sarasota County, Florida.

5.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3) and Florida Statute 559.55(2).

6.      Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

7.      At all times material hereto, Defendant was and is a foreign corporation, authorized to conduct business and conducting business in Florida, with its principal address at 1930 Thoreau Dr., Ste, 100, Schaumburg, IL 60173.

8.      Defendant is a "debt collector" as defined by 15 U.S.C §1692(a)(6).

9.      The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. § 1692(a)(5) and  Florida Statute §559.55(1).

10.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

11.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

12.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (941) 447-4682, and was the called party and recipient of Defendant's hereafter described calls.

13.     Plaintiff has never provided Defendant with his aforementioned cellular telephone number, nor has he ever provided verbal or express consent for Defendant to call his aforementioned cellular telephone number.

14.     In or about November of 2013, Defendant initiated its campaign of phone calls to the Plaintiff on his aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone number: (941) 357-1202.

15.     Upon information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

2

16.    Immediately upon receipt of the calls, Plaintiff answered a call from Defendant, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative and demanded that Defendant stop calling his cellular telephone number.

17.    Despite actual knowledge that they did not have Plaintiff's consent, the Defendant continued its barrage of phone calls to Plaintiff's aforementioned cellular telephone number in an attempt to collect a debt.

18.    In or about December of 2013, Plaintiff received a call from Defendant on his aforementioned cellular telephone number after 10:00p.m., EST. Again, Plaintiff answered the Defendant's telephone in attempt to speak with the Defendant and end the calls, but upon answering the call, the Plaintiff heard only open air, and the call was disconnected.

19.    On at least six separate occasions, Plaintiff spoke with an agent/representative of the Defendant in an attempt to be removed from the call list, informing the Defendant not to call his aforementioned cellular telephone number any longer.

20.    Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

21.    From November of 2013 through the filing of this Complaint, Plaintiff received over sixty (60) automated calls from the Defendant. [Please see **Exhibit A** demonstrating at least 29 phone calls from December 9, 2013 March 30, 2014.]

22.    Each call Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

23.    Upon information and belief, the telephone calls at issue were placed by Defendant using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a

3

random or sequential number generator; and to dial such numbers (hereafter "ATDS" or "autodialer").

24.     Defendant initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone numbers without the "prior express consent" of Plaintiffs, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

25.     Additionally, none of the telephone calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

26.     Despite actual knowledge of its wrongdoing, Defendant continued the campaign of abuse.

27.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

28.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals telling the Defendant to stop contacting their cellular telephone number.

29.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

30.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties did not provide prior express consent to receive the calls, or had revoked such prior express consent verbally, in writing, or through retention of legal counsel.

4

227(b)(1)(A)(iii)

interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FDCPA)

39.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (35), as if fully set forth herein.

40.     At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

41.     Plaintiff has been the object of collection activity by Defendant arising from an alleged consumer debt.

42.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692c(a)(1) by communicating with the Plaintiff at a time know to be inconvenient to the consumer, before 8:00 am or after 9:00 pm.

43.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

44.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

45.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

6

46.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

47.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692g(a) by failing to send Plaintiff the required written validation notice within five (5) days of the initial communication.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

<u>COUNT III</u>
**(Violation of the FCCPA)**

48.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (35), as if fully set forth herein.

49.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

50.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

51.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

52.     Defendant has violated Florida Statute §559.72(17) by communicating with the debtor between the hours of 9:00 p.m. and 8:00 a.m. in the debtor's time zone without the prior consent of the debtor.

7

53.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_s/Amanda Allen_
Amanda Allen, Esquire
Florida Bar #:  0098228
**Morgan & Morgan, Tampa,  P.A.**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
AAllen@ForThePeople.com
jestrada@forthepeople.com
Attorney for Plaintiff

8

# Phone Call Log for (941) 447-4682

|     | **Date**   | **Time**  | **Caller**       |
|-----|------------|-----------|------------------|
| 1.  | 12/09/2013 | 11:38 am  | (941) 357-1202   |
| 2.  | 12/10/2013 | 05:51 pm  | (941) 357-1202   |
| 3.  | 12/13/2013 | 01:53 pm  | (941) 357-1202   |
| 4.  | 13/13/2013 | 11:27 am  | (941) 357-1202   |
| 5.  | 12/16/2013 | 12:38 pm  | (941) 357-1202   |
| 6.  | 12/17/2013 | 02:44 pm  | (941) 357-1202   |
| 7.  | 12/19/2013 | 03:28 pm  | (941) 357-1202   |
| 8.  | 12/20/2013 | 10:00 am  | (941) 357-1202   |
| 9.  | 12/26/2013 | 12:52 pm  | (941) 357-1203   |
| 10. | 12/26/2013 | 05:23 pm  | (941) 357-1202   |
| 11. | 12/27/2013 | 12:40 pm  | (941) 357-1202   |
| 12. | 12/30/2013 | 04:10 pm  | (941) 357-1202   |
| 13. | 12/31/2013 | 10:48 pm  | (941) 357-1202   |
| 14. | 01/08/2014 | 05:38 pm  | (941) 357-1202   |
| 15. | 01/10/2014 | 02:55 pm  | (941) 357-1202   |
| 16. | 01/20/2014 | 02:51 pm  | (941) 357-1204   |
| 17. | 01/23/2014 | 06:41 pm  | (941) 357-1204   |
| 18. | 01/29/2014 | 01:44 pm  | (941) 357-1204   |
| 19. | 01/31/2014 | 02:08 pm  | (941) 357-1202   |
| 20. | 02/03/2014 | 01:02 pm  | (941) 357-1202   |
| 21. | 02/06/2014 | 03:05 pm  | (941) 357-1202   |
| 22. | 02/17/2014 | 05:18 pm  | (941) 357-1202   |
| 23. | 02/26/2014 | 12:10 pm  | (941) 357-1202   |
| 24. | 03/03/2014 | 03:20 pm  | (941) 357-1202   |
| 25. | 03/03/2014 | 03:21 pm  | (941) 357-1202   |
| 26. | 03/10/2014 | 01:18 pm  | (941) 357-1202   |
| 27. | 03/14/2014 | 11:34 am  | (941) 357-1202   |
| 28. | 03/30/2014 | 11:05 am  | (941) 357-1202   |
| 29. | 03/30/2014 | 10:45 am  | (941) 357-1204   |



EXHIBIT
A